UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LUKE ZAMBELLA,**<br><br>Plaintiff,<br><br>v.<br><br>**ALLY FINANCIAL, INC.** and DOES 1-10,<br><br>Defendants. | Civil Case No.:<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant Ally Financial, Inc.'s ("Defendant") repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") as well as its invasion of Plaintiff Zambella's ("Plaintiff") privacy.

2. Since at least April 2015, Defendant has been calling Plaintiff's cellular telephone in an attempt to collect a debt from a person other than Plaintiff, and with whom Plaintiff has no affiliation.

3. All of these telephone calls were made using an automatic telephone dialing system as defined at 47 U.S.C. § 227(a)(1). Furthermore, many of these calls were made using a prerecorded voice.

4. These calls were so persistent as to have invaded Plaintiff's privacy by intruding upon his seclusion, causing actual damages and entitling Plaintiff to an award of punitive damages.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute. The court has supplemental jurisdiction over Plaintiff's "Invasion of Privacy" claim pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant because Defendant conducts

significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, and was directed at, this District.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, and was directed at, this District. Venue is additionally proper because Plaintiff currently resides in this District.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of New Jersey. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

9. Defendant Ally Financial, Inc. is, and at all times mentioned herein was, a Delaware corporation with its headquarters in Detroit, Michigan.

10. Defendant conducts significant business in New Jersey and Nationwide.

11. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

12. Does 1-10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## FACTS

13. From April 2015 through the date of this complaint, Plaintiff, an 18-year-old Class of 2015 high school graduate, received over 50 calls from Defendant to his cellular telephone, phone number 732-XXX-5685.

14. These calls originated from Defendant using, among others, the numbers 888-803-

3174, 888-650-4831, and 888-673-8490.

15. Upon information and belief, Defendant also called Plaintiff prior to April 2015 from these and other numbers.

16. These calls appear to be an attempt to collect a debt from a third-party with whom Plaintiff has no affiliation.

17. Plaintiff never gave consent to Defendant to call his cellular telephone for any reason, let alone to collect a debt owed by an unknown third-party.

18. Such "wrong number" calls are covered by the TCPA, and the caller is liable to the called individual after the first call. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of* 1991, CG Docket No. 02-278, Declaratory Ruling and Order, ¶¶ 85-96 (July 10, 2015) (2015 Order).

19. Plaintiff was not required to inform Defendant that it had been calling the wrong number. 2015 Order, ¶ 95 ("[U]ninvolved new users of reassigned numbers are not obligated under the TCPA or our rules to answer every call, nor are they required to contact each caller to opt out in order to stop further calls.").

20. Nonetheless, on one of these calls – which was prerecorded – Plaintiff was asked to press "2" if the call was made to the wrong person, which he did.

21. Plaintiff's request was ignored and the calls continued.

22. All of these calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

23. On each of these calls, when Plaintiff answered, he was greeted by a few seconds

of silence after saying "hello," typically followed by an audible click/beep before Defendant's system would connect Plaintiff to a live representative. This behavior is indicative of an automatic telephone dialing system.

24. Many of the calls were also made using an artificial or prerecorded voice.

### FIRST CAUSE OF ACTION
### Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii)

25. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

26. Plaintiff received repeated calls from Defendant on Plaintiff's cellular telephone.

27. Plaintiff did not consent to Defendant placing the above-mentioned automated or prerecorded telephone calls to his cellular telephone.

28. The calls were not placed for "emergency purposes."

29. The calls were all made using an automatic telephone dialing system, and some were made using an artificial or pre-recorded voice.

30. Plaintiff is entitled to an award of $500 in statutory damages for each negligent violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

31. Plaintiff is also entitled to an award of treble damages in an amount up to $1,500 for each call made in knowing and/or willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3).

### SECOND CAUSE OF ACTION
### Invasion of Privacy/Intrusion Upon Seclusion

32. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33. Separate and apart from Defendant's TCPA violations, Defendant's conduct of calling Plaintiff over 50 in a three-month period constituted an unreasonable intrusion upon Plaintiff's seclusion and interfered with his right to be left alone.

34. These telephone calls were repeated with such persistence and frequency as to amount to a course of hounding and harassing Plaintiff and would be highly offensive to a reasonable person.

35. As a result, Plaintiff has suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

36. Plaintiff is therefore entitled to an award of actual damages.

37. Plaintiff is also entitled to an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Luke Zambella prays for the following relief:

A. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227, *et seq.*;

B. An award of injunctive and other equitable relief prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C. An award statutory damages;

D. An award of actual damages;

E. An award of punitive damages;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** July 13, 2015                        */s/ Jeremy M. Glapion*_____
                                                                Jeremy M. Glapion
                                                                **THE GLAPION LAW FIRM, LLC**
                                                                1704 Maxwell Drive, Suite 102

Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com