RECEIVED
DEC 16 2015
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUKE ZAMBELLA,<br><br>Plaintiff,<br>v.<br><br>ALLY FINANCIAL, INC. and DOES 1-10,<br><br>Defendants. | Civil Case No.: 15-cv-5483<br><br>[~~PROPOSED~~] DISCOVERY CONFIDENTIALITY ORDER<br><br>Judge: Hon. Tonianne J. Bongiovanni |

Whereas, to facilitate the immediate exchange of documents and further the possibility of settlement, this protective order will be binding on the parties upon its execution and shall be immediately enforceable as if it were a confidentiality agreement, regardless of whether it is entered as an order by the Court.

Whereas, disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Discovery Confidentiality Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

IT IS HEREBY ORDERED THAT:

1. For the purposes of this Order, the following terms shall have the following meanings:

   a. Document means without limitation any written, typed, printed, recorded, or graphic matter, however, produced or reproduced, of any type or description, regardless of origin or location, including without limitation all correspondence, records, tables, charts, maps, analysis, graphs, schedules, reports, memoranda, notes, lists, calendars, telexes, messages (including, but not limited to, reports of telephone conversation and conferences), studies, books, periodicals, magazines, booklets, circulars, bulletins (including, but not limited to, inter- and intra-office communications), questionnaires, contracts, agreements, assignments, licenses, certificates, permits, ledgers, books of account, accounting and financial records, orders, invoices, statements, acknowledgments, bills, bills of lading, data processing cards, computer-generated matter, photographs, photographic negatives, phonograph recordings, transcripts or logs of recordings, all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, expressions or statements of policy, opinions or reports of consultants, list of persons attending meetings, drafts and

revisions of drafts of any documents, invoices, receipts and original preliminary notes. If a document has been prepared in several copies or additional copies have been made, or copies are not identical (or by reason or subsequent modification, by the addition of notations or other marginalia, are no longer identical) each non-identical copy is a separate document. "Document" should also mean any type of audible recording, motion picture or videotape.

    b.    "Discovery material" shall mean: (1) all documents produced in this action by any party or nonparty, whether pursuant to formal discovery requests or by agreement; (2) transcripts of and exhibits to depositions taken in this action; (3) interrogatory answers served in this action; (4) requests to admit and responses thereto served in this action, and (5) requests for permission to enter upon land or other property for inspection and other purposes.

    c.    "Disclose" shall mean to show, give, make available, reproduce, excerpt, summarize or otherwise reveal the contents of any documents or discovery materials or any part thereof.

    d.    "Producing party" shall mean any person (including third parties not named in this action) including their employees or agents, who produces Discovery Material in this case.

    e.    "Confidential information" shall mean, for example, and without limitation, information which a producing party believes in good faith to be technical or business information of a proprietary nature.

    f.    "Specially confidential information" shall mean information which a producing party believes in good faith to be extremely sensitive technical or business information which, if disclosed to the public or to a competitor of the producing party, would likely be misappropriated for its economic value or utilized to obtain an unfair competitive advantage over the producing party. Such information includes, but is not necessarily limited to, trade secrets, business plans, private internal company information, financial reports, financial statements, product formulas, brand name, consumer contact information, etc.

2.    Any producing party or party to this action who believes that any discovery material including responses to Interrogatories, Requests for Admission, or Requests for Production of Documents produced in this action contains or discloses confidential information or specially confidential information may designate and mark any such material with the words "confidential" or "specially confidential."

3.    This Discovery Confidentiality Order shall not be used to make blanket designations of documents as "confidential" or "specially confidential" information, but shall specifically be limited to those documents which meet the definitions of "confidential" or "specially confidential" information as set forth herein.

4.    Any discovery material which is designated "confidential" or "specially confidential" by a producing party ("confidential discovery material" or "specially confidential

discovery material"), shall be treated as confidential or as specially confidential, respectively, in accordance with the terms of this Order. Any information or material disclosed, produced or filed by the producing party, or deposition testimony taken of that party, its employees, or agents, in the course of this litigation prior to the date of this Protective Order may be designated by that party as confidential or specially confidential information or material, provided that such designation is made no later than thirty (30) days after the date this Order becomes effective.

5. All confidential and specially confidential discovery material shall be used or disclosed solely in the prosecution or defense of the above-titled action, including any appeals of decisions rendered in the above-titled action.

6. Such confidential and specially confidential information or material shall not be used in any other litigation or for any other purpose without further order of this or other Court of competent jurisdiction. Nothing in this Protective Order shall preclude any party or its representative from discussing with any other person the progress, theories or legal strategy in the above-titled action, as long as the contents of the confidential or specially confidential information are not disclosed.

7. Any producing party or party to this action may designate any document including portions of briefs, memoranda of law or affidavits that contain confidential or specially confidential information by the party or parties filing the brief, memorandum of law or affidavit by marking the words "Confidential" on the Brief, Memorandum of Law or Affidavit containing such information. *Any Request to Seal Material Must Comply with Loc Civ R 5.3*

8. Any party may designate deposition testimony in this action as "confidential" or "specially confidential" by advising the reporter and opposing counsel of its desire to designate the entire transcript, or any portion thereof, as "confidential" or "specially confidential."

   a. The designation as confidential or specially confidential may be made during the deposition. The designation must be made no later than the time allowed for signature of the transcript, or, when signature is waived, within 30 days after receipt of the transcript by the designating party.

   b. The reporter shall mark the face of the designated transcript, or the designated portions of the transcript, accordingly. If less than an entire transcript is designated as confidential or specially confidential, those portions so designated shall be printed on separate, appropriately marked pages and separately bound.

   c. If any designated deposition is to be filed, the reporter shall file the transcript under seal with the Clerk of the Court, in an envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

   d. Until the time allowed for designation has expired all depositions shall be deemed confidential in their entirety, but thereafter only if and to the extent a party has made a timely designation of confidential or specially confidential.

9. Any party may object to the designation of any discovery material as confidential or specially confidential by filing and serving an objection to the designation within 30 days of

receiving notice of the designation. In the event such an objection is filed, the confidentiality of the material in issue shall be preserved pending resolution of the issue by the Court, and for a period of 30 days after the ruling by the Court to allow the losing party to seek review of such order. If review is sought within the 30-day period after the ruling in question, the designated material at issue shall continue to be subject to the restrictions of this Order until the conclusion of the review process.

10. Confidential and specially confidential discovery material may be referred to in responses to Interrogatories and Requests for Admission, and may be used at or in depositions and marked as deposition exhibits in this action. However, no confidential or specially confidential discovery material shall be used for any of these purposes unless it is appropriately marked as confidential or specially confidential.

11. Confidential and specially confidential discovery material may be disclosed in or as a part of motions, briefs or other papers filed with the Court (collectively "Court papers"). However, the procedures set forth in Paragraph 7 must be followed.

12. Except with the prior written consent of the producing party, or as otherwise set forth herein, no confidential or specially confidential discovery material and no information contained therein may be disclosed to any person other than:

  a. Counsel working on this action on behalf of any party to this action, including in-house counsel who is assisting in the prosecution, defense or supervision of this action;

  b. Secretaries, paralegal assistants, and clerical personnel who are actively engaged in assisting counsel (as described in item a of this paragraph) in the prosecution, defense or supervision of this action (collectively referred to as a party's "legal term"); and

  c. A party's current or former directors, officers, employees, and agents in connection with the prosecution, defense, or supervision of this action.

13. Confidential and specially confidential discovery material may also be disclosed to the following additional persons, but only on the terms and conditions set forth in Paragraph 14 below:

  a. Consultants and experts including their employees or clerical assistants retained by or ever employed by any party to this action for the purpose of assisting in the preparation of this action or testifying at the trial of this action. This Protective Order, however, does not apply to documents or information that are considered public information at the thru: they were shown to the expert or which have already been made public by the producing party at the time they were shown to the expert;

  b. Any actual or potential witness, provided there is a reasonable basis to believe that the witness will give relevant testimony regarding the confidential or specially confidential information;

  c. Persons noticed for depositions or designated as trial witnesses, to the extent deemed necessary by counsel for any of the parties adequately to prepare such witnesses to testify;

  d. Employees of parties to this action to the extent deemed necessary by counsel to prepare for this action;

  e. A party's insurers, including such insurers' officers, directors, employees, agents, or counsel and a party's auditors, including such auditors, officers, directors, employees, agents or counsel;

  f. Document-handling companies employed or retained by any party or counsel in this litigation for document storage or handling; and

  g. Any commercial photocopying firms employed or retained for document copying by any party or counsel for this litigation.

14. Disclosure of confidential and specially confidential discovery material shall be made to the persons listed in Paragraphs 12 and 13 only on the following terms and conditions:

  a. Before making disclosure to any such person, listed in Paragraph 13, counsel of record for the party making disclosure shall provide each such person with a copy of this Order, shall advise him or her that he or she is bound by it. The person or entity who receives such information must sign an acknowledgment that they have received the Discovery Confidentiality Order, and will follow same.

15. Whenever confidential or specially confidential information or discovery material is to be discussed or disclosed in a deposition, any producing party may exclude from the deposition room any person who is not authorized to see or receive the information or material pursuant to Paragraphs 12 through 14 above.

16. Neither the provisions of this Order nor the filing of any confidential or specially confidential discovery material shall prevent the use in open Court, at any hearing or at trial of this action, of any discovery material that is subject to this Order but to the extent that the transcript of such trial or any exhibits submitted for identification and/or into evidence at the trial contain any confidential or specially confidential material, such transcripts and exhibits shall be treated as confidential and specially confidential material. Any party desiring that hearings be held in camera or that the trial or any portion be closed to the public, must make a separate motion therefor.

17. Any use of confidential or specially confidential discovery material or the information contained therein for any other purpose, and/or any disclosure of any confidential or specially confidential discovery material or the information contained therein to third parties that is not in compliance with the terms and conditions set forth in this agreement shall constitute a violation of the terms of this Order.

18. Upon the final conclusion of this litigation, all parties and non-parties to whom confidential or specially confidential information or any information contained therein has been

disclosed shall upon demand at the option of the party or person in possession of the documents), either (a) destroy; or (b) return to counsel for the party which originally produced it, all confidential or specially confidential information, including the original of copy produced and all copies thereof and all papers containing information taken from the confidential or specially confidential information, all costs to be borne by the requesting party including Xeroxing, delivery or Federal Express/mail.

Upon the final conclusion of this action, the Clerk is authorized to deliver said confidential or specially confidential information filed with the Court to counsel for the producing party.

This Discovery Confidentiality Order and the agreements embodied herein shall survive the termination of this action and continue in full force and effect, and the Court shall retain jurisdiction to enforce this Protective Order.

19. In the event that non-parties to this Agreement seek an order from the Court or a governmental body requests or requires disclosure of this Agreement or the confidential or specially confidential material the parties hereto agree to notify the other with respect to the request or order and to take a unified position objecting to such demands.

20. Nothing in this Order shall prevent or otherwise restrict any counsel from rendering advice to that counsel's client who is presently a party to this matter or from examining any witness and, in the course thereof, relying generally on his or her examination of confidential or specially confidential discovery material.

21. Nothing in this Order shall be deemed or construed in any manner to waive or abrogate the attorney-client privilege or work product immunity or any other privilege or doctrine.

22. Nothing in this Order shall be construed to preclude a party from seeking additional protection of confidential or specially confidential discovery material, or from otherwise seeking a modification of this Order. This Order is without prejudice to the rights of any party or nonparty to seek such additional or other relief relating to discovery as may be appropriate.

23. If a producing party produces information or documents that it considers confidential or specially confidential information, in whole or in part, but which it has inadvertently failed to designate as such, it may retrieve such information on documents as follows:

    a. Within thirty (30) days of the discovery of the inadvertent production without labeling as confidential or specially confidential, but in no event later than sixty (60) days prior to trial, the producing party must give written notice to all parties who received copies of the produced documents that the producing party claims said document, in whole or in part, to be confidential or specially confidential and must state the nature of the confidentiality.

      b.    Any recipient of a notice that produced documents are considered by the producing party to be confidential or specially confidential information, but were inadvertently not labeled as such, may by motion filed no later than forty-five (45) days prior to trial challenge the designation of such document as Confidential or Specially Confidential Information on the ground that the claim of confidentiality is not well founded.

      c.    After service of notice that produced documents are claimed to be confidential or specially confidential information, neither the documents nor their contents may be used in any manner inconsistent with the terms of this Order until the claim of confidentiality or objection is resolved, and thereafter if such claim is upheld.

      d.    This section shall apply only to confidential or specially confidential information which was inadvertently produced without being designated as confidential or specially confidential information and which the producing party wishes to designate as confidential or specially confidential information. This section is not intended to apply to the inadvertent production of privileged documents, which is governed by the rules of this Court, and other applicable Federal law.

24.    The parties represent, warrant and agree to execute all documents and to do all things necessary to effectuate the terms of this Confidentiality Agreement.

25.    This Discovery Confidentiality Order may be amended by the Court for good cause shown.

26.    This Discovery Confidentiality Order may be executed in counterpart.

MADE AND ENTERED this _16_ day of _December_, 2015.

**SO ORDERED:**

_____
TONIANNE J. BONGIOVANNI
United States Magistrate Judge

**Dated:** December 11, 2015    *s/ Jeremy M. Glapion*
    Jeremy M. Glapion
    **THE GLAPION LAW FIRM**
    1704 Maxwell Drive
    Wall, New Jersey 07719
    Tel: 732.455.9737
    Fax: 732.709.5150
    jmg@glapionlaw.com

**Dated:** December 11, 2015      *s/Thomas M. Kelly*
FAUST GOETZ SCHENKER & BLEE
By: Thomas M. Kelly
Attorneys for Defendant
ALLY FINANCIAL, INC.
Telephone (973) 422-9600

John B. Sullivan (CA SBN 96742)
Rebecca S. Saelao (CA SBN 222731)
SEVERSON & WERSON
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
ALLY FINANCIAL, INC.
Dated: August 18, 2015